RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/27/15
BY YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TERRELL KURT MYERS (#14328-171)** | DOCKET NO. 15-CV-175; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **M. D. CARVAJAL** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Terrell Kurt Myers. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He contests the validity of his sentence as an "armed career criminal."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural Background*

On July 18, 2007, Petitioner pled guilty to being a Felon In Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). (4:06-cr-1317 Dist.S.C., Docs. #193 and #250). In the plea agreement, Petitioner and the United States of America ("Government") agreed to a stipulated sentence of twenty (20) years imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (4:06-cr-1317 Dist.S.C., Doc. #244). On October 30, 2007, Petitioner was sentenced to the stipulated term of twenty (20) years. (4:06-cr-1317, Dist.S.C., Docs. #281 and

#304). Petitioner timely noticed an appeal on a Fourth Amendment search and seizure issue. On July 2, 2009, the Fourth Circuit Court of Appeals affirmed. See <u>U.S. v. Joy</u>, 336 Fed.Appx. 337 (4th Cir. 2009).

On September 10, 2010, Petitioner filed a Section 2255 motion in the court of conviction based on a claim of ineffective assistance of counsel. First, Petitioner claimed that his counsel was ineffective in failing to argue that Petitioner did not qualify as an armed career offender under 18 U.S.C. §924(e) (the Armed Career Criminal Act or "ACCA") inasmuch as Petitioner's prior convictions for assault of a high and aggravated nature and criminal domestic violence of a high and aggravated nature were not "violent felonies" as that term is defined under the ACCA. (4:06-cr-1317, Doc. #466]. Second, Petitioner claimed that his counsel was ineffective for failing to notice appeals of those prior convictions and then challenging the use of those convictions as predicate offenses based upon their status as under review on appeal. Id. *Petitioner's motion was dismissed because he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement with the Government. His sentence of twenty (20) years was not based upon an application of the federal sentencing guidelines, including the armed career criminal guideline at U.S.S.G §4B1.4.* Rather, it was a stipulated sentence. The district court noted that the Fourth Circuit has consistently held that "[a] sentence imposed pursuant

2

to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines." (4:06-cr-1317, D.S.C, citing United States v. Febrez, 2010 WL 3096225 (4th Cir. 2010), United States v. Bethea, 369 Fed.Appx. 485, 486 (4th Cir. 2010), and United States v. Dials, 369 Fed.Appx. 347, 349 (4th Cir. 2010). Because it was Petitioner's contractual agreement with the Government and not his prior state court convictions or putative armed career offender status that drove his federal sentence, he could not readily demonstrate a reasonable probability of prejudice as a result of his counsel's alleged failure to challenge those prior convictions. Thus, his §2255 motion was denied. Petitioner did not seek further review in the appellate court of the denial of his §2255 motion.

### *Law and Analysis*

Petitioner has filed the instant habeas corpus petition pursuant to 28 U.S.C. §2241. He challenges his sentence as an armed career criminal. However, as noted above and previously addressed by the district court in South Carolina, according to the criminal record, Petitioner was not sentenced as an armed career criminal. Rather, he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. Thus, his career criminal argument is irrelevant.

Further, Section 2241 petitions are generally used to challenge the **manner in which a sentence is executed**. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates

3

to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner's claim should be raised in a §2255 Motion to Vacate; however, he has already filed a 2255 motion, which was denied. Petitioner has not alleged that he received permission from a federal court of appeals to file a second 2255 motion. Moreover, such a motion would have to be filed in the district in which Petitioner was convicted and sentenced.

Although federal prisoners may use §2241 to challenge the legality of their convictions or sentences if they satisfy the §2255 "savings clause," see Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001), Petitioner has not shown that the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was

4

unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner has not shown that he meets the requirements of the savings clause.

Before filing a second or successive Section 2255 petition, Petitioner must get approval from the appropriate Court of Appeals, which, in this case is the United States Fourth Circuit Court of Appeals. The instant petition for writ of habeas corpus should be dismissed for lack of jurisdiction. Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because the Court lacks jurisdiction to consider his claims.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

5

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27 day of March, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE